UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALEJANDRO MARTINEZ,

                              Plaintiff,                    01 Civ. 721 (PKC)

    -against-

                                                            <u>ORDER</u>

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY; POLICE OFFICER PAUL
NUNZIATO, SHIELD # 865; POLICE OFFICER
PATRICK CALLAGHAN, SHIELD # 816;
POLICE OFFICER THOMAS MILLER,
SHIELD # 1000,

                              Defendants.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In my Memorandum and Order dated September 2, 2005 ("Order of September 2"), I granted plaintiff's application for attorneys' fees and costs. I considered the factors described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) and defendants' objections to the reasonableness of the rates and the amount of hours incurred. I awarded costs and attorneys fees in the amount of $264,322.76 for reasons which included the following:

> Considering that this action was actively litigated for nearly four years, including multiple discovery disputes, a moderate level of document production, five depositions, and preparation for and the conduct of a four-day trial, plaintiff's attorneys 757.7 total hours (including the time of paralegals) is not unreasonable. Moreover, based on the uncontested declarations of Mr. Herber and Mr. Moore, and the declarations of Mr. Korenbaum and Mr. Spiegel as to their hourly rates, I conclude that the hourly rates are reasonable.

> Having reviewed the billing records of plaintiff's
> attorneys and their staff, I grant plaintiff's application for
> costs and attorneys' fees in the amount of $264,322.76.
> (Order of September 2 at 48)

Plaintiff has moved to reconsider my Order of September 2 because in that Order I failed to consider his application for attorneys' fees and costs in connection with the work performed by his counsel in opposing defendant's post-verdict motions and in responding to defendants' challenge to the attorneys' fees application. Plaintiff is correct that I overlooked this aspect of his application and, accordingly, I grant reconsideration under Loc. Civ. R. 6.3 and now consider plaintiff's application for $35,970 for additional services after the initial fee application.

Plaintiff has submitted supplemental declarations from Michael Spiegel and Scott Korenbaum, annexing exhibits setting forth the number of hours expended and a description of the services rendered. Plaintiff also submits a breakdown of the costs and expense incurred. Defendants in opposition acknowledge that there were eight points initially argued in their post-verdict motions but assert that they conceded one of the eight. They assert that the points were "evidentiary and hardly involved novel legal issues" Defendants ask me to reconsider my September 2 Order and reduce the amount of attorneys' fees and expenses awarded overall.

I have reviewed plaintiffs' submissions and conclude that the fees and expenses incurred with respect to the opposition to the defendants' post-verdict motions and in further support of plaintiff's fee award are well documented, reasonable as to the number of hours and reasonable as to the hourly rates. The analysis in the September 2 Order substantially applies to this supplemental application.

With respect to the $6,195 sought for work on the motion to reconsider necessitated by my oversight, I conclude that the 21.1 hours of attorney and paralegal time is excessive. The motion was needlessly expansive and it could have more efficiently incorporated the prior submissions. For the work on the motion to reconsider, I will allow plaintiff two hours of Mr. Spiegel's time and one hour of paralegal time for a total of $875. Accordingly, the total of all additional attorneys' fees and costs awarded to plainitff is $36,845.

Separately, plaintiff, on September 7, accepted remittur of damages from the amount awarded by the jury of $1,104,000 to the amount of $464,000. See September 2 Order.

The Clerk is directed to AMEND the JUDGMENT to reflect the timely acceptance by plaintiff Alejandro Martinez of remittur of the damage award to the amount of $464,000 (Docket Entry 79) and the judgment should reflect the award of that reduced amount to plaintiff; in addition, plaintiff is entitled to a total award of attorneys' fees and costs of $301,167.26. All other relief sought by the parties is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
September 27, 2005